UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:17-cr-55-JJH-16

        Plaintiff,

   v.  MEMORANDUM OPINION
 AND ORDER

Robert Jackson,

        Defendant.

## I. INTRODUCTION AND BACKGROUND

Defendant Robert Jackson, an inmate at Federal Correctional Complex – Forrest City Medium in Forrest City, Arkansas, seeks an order reducing his sentence to time served and providing for his immediate release from custody. (Doc. No. 732). The government filed an opposition brief. (Doc. No. 741). After I granted Jackson's motion for appointment of counsel, Jackson, through counsel, filed a supplemental brief in support of compassionate release. (Doc. No. 759).

In March 2017, Jackson was indicted on one count of conspiracy to possess with intent to distribute and distribution of heroin and cocaine, in violation of 21 U.S.C. § 846, three counts of unlawful, knowing, and intentional distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2, and one count of using a telephone to facilitate a drug conspiracy, in violation of 21 U.S.C. §§ 843(b) & (d)(1). (Doc. No. 17). Jackson pled guilty to one count of conspiracy to possess with intent to distribute and distribution of heroin and cocaine; the remaining counts were dismissed. After considering the arguments of counsel and the factors set forth in 18

U.S.C. § 3553(a), I sentenced Jackson to a total of 63 months in prison and a supervised release term of 3 years. (Doc. No. 638). Jackson is currently scheduled to be released on December 10, 2023.

In August 2020, Jackson filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 714). I denied the motion because Jackson had not yet exhausted his administrative remedies. (Doc. No. 726). Jackson has now exhausted his administrative remedies and again moves for compassionate release with the assistance of court-appointed counsel. (Doc. Nos. 732 & 759). In support of his motion, Jackson asserts his hypertension and prediabetes increases his risk of severe illness if he were to contract COVID-19 while incarcerated. He also notes that, while incarcerated, he has been accepted into the Residential Drug Abuse Program ("RDAP") and has a clean conduct report.

Between the time Jackson filed his *pro se* motion and the time his court-appointed counsel filed a supplemental memorandum in support of the request, Jackson contracted and recovered from COVID-19. (Doc. Nos. 759 & 774-1).

## II.   ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

There is no dispute that Jackson has exhausted his administrative remedies at this time. (Doc. No. 741 at 2).

2

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

While I am sympathetic to Jackson having contracted COVID-19 while incarcerated and having experienced attendant high blood pressure while infected, I am also pleased to hear that he does not report severe symptoms requiring hospitalization. In fact, as he reported to his aunt, he recovered from COVID-19 and only had to be quarantined for 24 days. Because he has now had and recovered from COVID-19, his risk of reinfection before he is able to be vaccinated may be greatly reduced. As advised by the CDC, "[c]ases of reinfection with COVID-19 have been reported, but remain rare."[1] Although the exact amount of time antibodies developed after an infection remain in the body remains unknown, the World Health Organization has reported "some see some studies showing that they last for six months and possibly longer."[2] In light of the low

---

[1] Reinfection with COVID-19, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020).

[2] Maria Van Kerkhove, Ph.D., Episode #18 – COVID-19 – Immunity after recovery from COVID-19, World Health Organization (Dec. 23, 2020), https://www.who.int/emergencies/diseases/novel-coronavirus-2019/media-resources/science-in-5/episode-18---covid-19---immunity-after-recovery-from-covid-19.

probability Jackson will contract COVID-19 again before he is vaccinated, I do not find his health conditions to be "extraordinary and compelling reasons" warranting early release.

Even if "extraordinary and compelling" reasons warranted a modified sentence, I cannot conclude such a sentence would serve the purposes of § 3553(a). 18 U.S.C. § 3553. Jackson was sentenced to 63 months incarceration after pleading guilty to one count of conspiracy to possess with intent to distribute and distribution of heroin and cocaine. Specifically, as a manager in the drug conspiracy, Jackson admitted he was accountable for at least a kilogram of heroin over the course of approximately two years, including distributing large amounts of heroin on multiple occasions during that time and storing quantities in his personal residence. Additionally, during his participation in the conspiracy, Jackson was on administrative probation for two Florida battery convictions.

Although I commend Jackson for being accepted into the RDAP program and maintaining a clean conduct report while incarcerated, approximately 50% of his sentence remains to be served. Jackson has not shown a further-reduced sentence would be sufficient to comply with the § 3553(a) factors, including the nature and circumstances of the offense of conviction, his criminal history, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2).

Even if extraordinary and compelling reasons warranted a reduction, the § 3553(a) factors do not support such a reduction. Therefore, compassionate release must be denied.

## III. CONCLUSION

For the foregoing reasons, Jackson's motion for compassionate release is denied. (Doc. No. 732).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge